**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | | |
|---|---|---|---|
| **JAWAD OBAID,** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | **CIVIL ACTION** | |
| | ) | | |
| **v.** | ) | **No. 26-2025-KHV** | |
| | ) | | |
| **AINSTEIN AI, INC.,** | ) | | |
| | ) | | |
| **Defendant.** | ) | | |
| | ) | | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's Motion For Leave To File Redacted
[Complaint And Exhibit] (Doc. #6) filed January 22, 2026.  For reasons stated below, the Court
overrules plaintiff's motion.

Federal courts have long recognized a common-law right of access to judicial records.
Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007).  This right stems from the fundamental
public interest in understanding disputes that parties present to a public forum for resolution.  See
Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616
F.2d 458, 461 (10th Cir. 1980).   In determining whether documents should be sealed, the Court
weighs the public interest, which it presumes is paramount, against the interests advanced by the
parties.  Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011).  The party seeking to overcome
the presumption of public access must show that some significant interest which favors non-
disclosure heavily outweighs the public interest in access to court proceedings and documents.
United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020); Colony Ins. Co. v. Burke, 698 F.3d
1222, 1241 (10th Cir. 2012).   To do so, the party must articulate a real and substantial
countervailing interest that justifies depriving the public of access to the records that inform the

Court's decision-making process.  Colony Ins., 698 F.3d at 1241; see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").  Countervailing interests include ensuring court records are not used for improper purposes, such as "to gratify private spite," "promote public scandal" or "serve as reservoirs of libelous statements for press consumption."  Snyder v. Acord Corp., 811 F. App'x 447, 468 (10th Cir. 2020) (quoting United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985)).  The Court must rely on specific, rather than general, information when deciding to seal. See Bacon, 950 F.3d at 1294.

Plaintiff seeks to redact information in the complaint and exhibits about his sexual orientation.  Plaintiff argues that disclosure of such information "may negatively affect [his] security" and would result in a "serious risk of danger" to him.  Motion For Leave To File Redacted [Complaint And Exhibit] (Doc. #6) at 2.  Plaintiff's generalized fear that someone will misuse information about his sexual orientation to his detriment is speculative.  He has not set forth specific information which suggests that homosexual individuals are unsafe or that in 2026, being homosexual is highly sensitive private information.  The Court must rely on specific rather than general information when deciding whether to seal, and plaintiff fails to identify a specific risk of harm that disclosure of his sexual orientation would cause.  See Bacon, 950 F.3d at 1294.

Plaintiff alleges that defendant discriminated against him because of his sexual orientation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  The public has a particular interest in the legal theory and factual basis for plaintiff's claim.  See United States v. Pickard, 733 F.3d 1297, 1302 (10th Cir. 2013) (strong presumption in favor of public access particularly where district court uses sealed documents to determine litigants' substantive legal rights); Chadwell v. United States, No. 20-1372-JWB, 2024 WL 4298677, at *1–2 (D. Kan.

Sept. 26, 2024) (plaintiff put decedent's medical conditions at issue and public has interest in information court utilizes in resolving motions).  On balance, plaintiff has not shown that he has any privacy interest which outweighs the public interest in access to the allegations and materials that form part of the basis of the Court's rulings in this action.  See Bacon, 950 F.3d at 1293; Colony Ins., 698 F.3d at 1241.  The Court therefore overrules plaintiff's motion to redact.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Leave To File Redacted [Complaint And Exhibit] (Doc. #6) filed January 22, 2026 is **OVERRULED**.  **The Court directs the Clerk to unseal the following provisionally sealed documents: plaintiff's Complaint (Doc. #3) filed January 16, 2026 and Exhibit 1 to the Complaint (Doc. #3).**

Dated this 6th day of February, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge