**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JAWAD OBAID,<br><br>Plaintiff,<br><br>v.<br><br>AINSTEIN AI, INC.,<br><br>Defendant. | Case No. 26-2025-KHV-BGS |

**MEMORANDUM AND ORDER DENYING MOTION TO AMEND**

The matter comes before the Court on Defendant Ainstein AI, Inc.'s ("Ainstein") motion for leave to amend its answer and add counterclaims for fraud, fraudulent misrepresentation, and negligent misrepresentation (Doc. 40). Ainstein contends that personnel records obtained from the University of Kansas and testimony from Plaintiff's deposition revealed misrepresentations about his employment history and qualifications that induced Ainstein to hire and compensate him. Plaintiff opposes the amendment, arguing primarily that Ainstein has not shown good cause to seek amendment after the scheduling order deadline. Because Ainstein has not adequately explained its diligence in obtaining the information supporting the proposed counterclaims, the Court denies the motion.

## I. Background

Plaintiff Jawad Obaid filed this employment-discrimination action on January 16, 2026. He alleges that he began working part-time for Ainstein as a project manager in July 2023 and later became the full-time managing director of its Aerospace Business Unit. He claims that Ainstein discriminated against him because of his color, religion, national origin, and sexual orientation and retaliated against him for reporting discrimination. His allegations concern disparities in

compensation, his demotion, and the termination of his employment on January 9, 2025. *See* Doc. 3 at ¶¶ 45–60, 64–74. He alleges that he complained to human resources that he earned less than other managing directors despite being more qualified and having prior radar experience. *Id.* at ¶¶ 19, 45–46.

Before this action, Ainstein investigated Plaintiff's discrimination charge. In an October 10, 2025 position statement to the Equal Employment Opportunity Commission, Ainstein identified concerns about the hours Plaintiff reported working for Ainstein while also employed full-time by the University of Kansas ("KU"). Doc. 43-1 at 2–3. Ainstein stated that it would continue reviewing timekeeping records for possible overlap or misrepresentation. The statement also reported that Plaintiff had been charged with wire fraud in 2015 and had not voluntarily disclosed that history during hiring. According to the statement, those charges did not appear in a background check Ainstein had received. *Id.*

Ainstein answered the Complaint on March 20, 2026, denying liability and asserting, among other defenses, that after-acquired evidence could limit Plaintiff's recovery. Doc. 11 at 16. Following the scheduling conference, the Court set May 8, 2026 as the deadline to move to amend the pleadings and October 2, 2026 as the deadline to complete discovery. Doc. 20 at 2. The scheduling order noted that the parties had already exchanged initial disclosures and the documents identified in those disclosures.

The docket reflects that Ainstein served its first discovery requests on July 8, 2026. Doc. 25. On August 5, it filed notice of its intent to subpoena third party business records from KU. The return of service, filed August 31, reflects service on August 6. Docs. 28, 32. Ainstein represents that KU produced Plaintiff's personnel records on August 31. Doc. 41 at 1. Ainstein filed a second notice of intent to issue a subpoena to KU on September 1, and a return filed September 15 reflects service on September 2. Docs. 35, 37. According to Ainstein, it deposed Plaintiff on September 15,

and his testimony confirmed the information revealed by KU's records about his employment history and qualifications. Doc. 41 at 3–4.

On October 1, 2026, one day before discovery closed and nearly five months after the amendment deadline, Ainstein moved to add the counterclaims. Doc. 40. The proposed pleading alleges that Plaintiff misrepresented his KU job title and dates of employment, falsely described freelance project management work, and claimed radar and employee-management experience he did not possess. It further alleges that Plaintiff admitted several of these inaccuracies during his deposition. Doc. 41-1 at ¶¶ 11–19. Ainstein alleges that it relied on Plaintiff's representations when it engaged him as a contractor and later hired him as a full-time managing director. It seeks damages measured by the difference between the compensation and benefits it paid and the fair market value of services provided by a person with his actual qualifications. *Id.* at ¶¶ 20–31. The proposed fraud count also refers to a past conviction as information that would have affected Ainstein's employment decisions.

In its supporting brief, Ainstein argues that it could not have asserted the counterclaims by the amendment deadline because it lacked the necessary factual basis. It maintains that it reasonably needed both KU's records and Plaintiff's sworn testimony before alleging fraud and misrepresentation. It describes its discovery efforts as diligent and orderly and emphasizes that it sought amendment after comparing the records with Plaintiff's testimony. Doc. 41 at 3–5. It also argues that the proposed counterclaims concern facts already known to Plaintiff, that any additional discovery could be limited, and that the May 2027 trial setting leaves time to address the new claims. *Id.* at 5.

Plaintiff responds that Ainstein already possessed information warranting an earlier investigation. He relies on the October 2025 EEOC statement and testimony concerning a resume Ainstein obtained from LinkedIn in 2021. Doc. 43 at 5–6; Doc. 43-2 at 3–5. He also disputes

whether Ainstein relied on the alleged misrepresentations when it hired and compensated him and whether those misrepresentations caused Ainstein any financial loss. He argues that the amendment would require additional discovery and was filed in retaliation for allegedly damaging testimony at the corporate deposition. Doc. 43 at 6–9.

In reply, Ainstein distinguishes its earlier possession of a resume and knowledge of criminal charges from knowledge of actionable misrepresentations. It again identifies KU's August 31 production and Plaintiff's September 15 deposition as the sources of its factual basis and argues that it acted promptly afterward. It maintains that Rule 16 did not require it to assert serious claims based on suspicion or conduct presuit discovery. Doc. 44 at 1–2. Ainstein also disputes Plaintiff's assertions of futility, prejudice, and bad faith and invokes Rule 13 and the interest in resolving related claims in one action. *Id.* at 3–4.

## II. Legal Standard

Rule 15(a)(2) directs courts to freely give leave to amend when justice requires. Leave may be denied for undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies through previous amendments, undue prejudice, or futility. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). But when a party seeks amendment after the scheduling order deadline, it must first establish good cause under Rule 16(b)(4). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Only then does the Court consider Rule 15. *Id.* at 1240–42. This requirement applies to amendments adding counterclaims. *Id.* at 1241.

Good cause requires the movant to show that it could not meet the scheduling deadline despite diligent efforts. *Id.* at 1240. Newly discovered information may support that showing, but the inquiry includes the movant's diligence in obtaining the information. *Id.* at 1240; *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020–22 (10th Cir. 2018). Identifying when information was received does not, by itself, explain why it could not have been obtained earlier through diligent

discovery. *Driverdo, LLC v. Slalom, Inc.*, No. 24-2249-EFM-RES, 2025 WL 3039254, at *4–5 (D. Kan. Oct. 31, 2025). If good cause is lacking, the Court may deny amendment without reaching Rule 15. *Gorsuch*, 771 F.3d at 1242.

## III. Analysis

The parties agree that Rule 16 governs because Ainstein moved to amend after the May 8 deadline. The Court first considers whether Ainstein has shown diligence in obtaining the information on which it relies. It then briefly addresses Ainstein's argument that Rule 13 supports adding the counterclaims.

### A. Ainstein has not established good cause

Ainstein's explanation accounts for the period after it received KU's records. It obtained the records on August 31, deposed Plaintiff approximately two weeks later, and moved to amend sixteen days after the deposition. The Court accepts for purposes of this motion Ainstein's representation that the records disclosed material information and that the deposition supplied useful confirmation. But the chronology does not explain Ainstein's efforts to obtain the information in the first place.

Neither the opening brief nor the reply explains why Ainstein pursued KU's records in August. Ainstein identifies no earlier efforts to obtain those records, describes no impediment to obtaining them sooner, and points to no intervening discovery that prompted the August inquiry. Although the docket reflects written discovery served in July, Ainstein does not explain whether that discovery concerned these matters or how any response affected the timing of the KU subpoena. Its general assertions of diligent and orderly discovery do not explain what steps it took or when. Ainstein therefore has not explained why it could not have obtained this information sooner through diligent efforts.

Before suit, Ainstein had identified concerns about Plaintiff's simultaneous work for Ainstein and KU and stated that it would continue investigating possible misrepresentation in his

reported hours. Doc. 43-1 at 2–3. Plaintiff's complaint also placed his qualifications and claimed radar experience at issue in explaining his complaints about compensation. Doc. 3 at ¶ 19. These circumstances do not establish that Ainstein knew the particular resume statements were false. They do, however, provide context for examining when and how Ainstein pursued information about his prior employment and qualifications. Ainstein does not describe any earlier efforts to investigate these matters or explain why it waited until August to seek KU's records.

As Ainstein correctly observes, possessing a resume does not establish knowledge of its falsity, and knowing about criminal charges does not establish knowledge of actionable misrepresentations. Doc. 44 at 1–2. Those points do not explain the timing of its discovery efforts. Nor does the short interval between entry of the scheduling order and the amendment deadline explain the timing of Ainstein's discovery efforts. Discovery could begin after the parties' Rule 26(f) planning conference, which was required to occur by April 7, 2026. Doc. 13; Fed. R. Civ. P. 26(d)(1). But Ainstein did not serve its first discovery requests until July 8, more than three months later. Doc. 25. It served its first subpoena on KU on August 6 and deposed Plaintiff on September 15, more than five months after the planning conference deadline and just seventeen days before discovery closed.

The governing cases require more than prompt action after confirmation. In *Husky Ventures*, the Tenth Circuit affirmed denial of a late amendment because the movant failed to exercise reasonable diligence in obtaining the information supporting its proposed counterclaims, even assuming it had only recently learned the full basis for them. 911 F.3d at 1021–22. Similarly, in *Driverdo*, the defendant relied on recent document productions and deposition testimony and sought amendment shortly afterward. The court nevertheless denied leave because the defendant did not adequately explain when it sought the relevant information or its efforts to obtain it earlier. 2025

WL 3039254, at *4–7. Under these decisions, prompt amendment after receiving information does not excuse a failure to explain diligence in obtaining it.

Reasonably awaiting confirmation can support good cause when the record shows an ongoing investigation. In *Endecott v. Com. Floorworks, Inc.*, No. 16-2190-JTM-GEB, 2017 WL 1650814, at *4 (D. Kan. May 2, 2017), the court found good cause where defendants actively pursued discovery to clarify suspected misconduct, addressed production disputes with the court, and sought amendment twelve days after receiving confirming responses. Here, Ainstein identifies receipt of the records and the deposition that followed, but it supplies no comparable explanation of the efforts preceding those events. Its desire to avoid premature fraud allegations explains the decision to seek confirmation; it does not explain the timing of the investigation. The possibility of limited additional discovery and the time remaining before trial do not explain why Ainstein could not have obtained the information sooner.

Accordingly, the Court concludes that Ainstein has not shown that it could not meet the amendment deadline despite diligent efforts. Because Ainstein has not established good cause, the Court need not reach the parties' Rule 15 arguments concerning prejudice, bad faith, or futility. *See Gorsuch*, 771 F.3d at 1242.

**B. Rule 13 does not alter the result**

Ainstein also argues that the counterclaims are compulsory under Rule 13(a) and may be added under Rule 13(e) because discovery supplied their factual basis after it answered. Rule 13(e) permits the Court to allow a supplemental pleading asserting a counterclaim that matured or was acquired after the party served its earlier pleading. But a party seeking to add counterclaims after the scheduling order deadline must still establish good cause. *Gorsuch*, 771 F.3d at 1241; *Endecott*, 2017 WL 1650814, at *3–4 (applying Rule 16's good cause requirement to a motion to add counterclaims under Rule 13(e)).

Neither the asserted compulsory nature of the counterclaims nor Ainstein's reliance on Rule 13(e) cures its failure to establish good cause. The relationship between the claims and the potential efficiency of resolving them together do not explain Ainstein's diligence in obtaining the information supporting amendment. The Court therefore need not decide whether the proposed counterclaims are compulsory or when they matured. Rule 16 provides a sufficient basis to deny the motion.

**IT IS THEREFORE ORDERED** that Defendant's motion for leave to amend its answer (Doc. 40) is **DENIED**.

**IT IS SO ORDERED.**

Dated October 23, 2026, at Wichita, Kansas.

/s/ Brooks Severson
Brooks G. Severson
United States Magistrate Judge